IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-25 Erie |
| | ) | |
| LEON F. AKERLY II | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

_____AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christine A. Sanner, Assistant United States Attorney for said district, and respectfully submits the following proposed points for charge.

The government hereby requests leave to file supplemental proposed points for charge to the extent that new issues come to light during trial.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

s/Christine A. Sanner
CHRISTINE A. SANNER
Assistant U.S. Attorney
PA ID No. 85039

**INSTRUCTION NO. 1**

Count One of the Indictment charges that:

On or about February 28, 2005, in Erie County, in the Western District of Pennsylvania, the defendant, LEON F. AKERLY II, after having been convicted on our about November 29, 1993, at Docket Number 771 of 1993 in the Court of Common Pleas, County of Erie, Criminal Division, Commonwealth of Pennsylvania, of violating the Controlled Substance Drug, Device and Cosmetic Act by committing the crimes of possession with intent to deliver and unlawful delivery, which are crimes punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, firearms as defined in Title 18, United States Code, Section 921(a)(3), specifically, a Beretta 22 caliber pistol, and a SWD Cobray model M-11 9 mm pistol; and a firearm as defined in Title 18, United States Code, Section 921(a)(5), specifically, a Winchester model 1300 12 gauge shotgun; and a firearm as defined in Title 18, United States Code, Section 921(a)(7), specifically, a Ruger model 10/22 Carbine 22 caliber rifle.

In violation of Title 18, United States Code, Section 922(g)(1).

## <u>INSTRUCTION NO. 2</u>

Title 18, United States Code, Section 922(g)(1) provides in pertinent part that: "It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by a term of imprisonment for a term exceeding one year . . . to . . . [knowingly]. . . possess in or affecting commerce, any firearm."

**Authority:**  Title 18, United States Code, Section 922(g)(1).

## INSTRUCTION NO. 3

In order to convict the defendant, Leon F. Akerly II, of the offense charged in Count One of the Indictment, you must find that the government proved beyond a reasonable doubt each of the following elements:

1.   That the defendant has previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

2.   That the defendant knowingly possessed the firearm described in the Indictment; and

3.   That such possession was in or affecting interstate or foreign commerce.

**Authority:** 2 Devitt, Blackmar, and O'Malley, Federal Jury Practice and Instructions, Section 36.09 (4th Ed.).

## <u>INSTRUCTION NO. 4</u>

The phrase "crime punishable by imprisonment for a term exceeding one year" generally means a crime which is a felony.

The phrase does not include any state offense classified as a misdemeanor and punishable by a term of imprisonment of two years or less, and certain crimes concerning the regulation of business practices.

I hereby instruct you that, as a matter of law, the crimes of which the Indictment alleges that the defendant was previously convicted are crimes punishable by imprisonment for a term exceeding one year.


**Authority:** Title 18, United States Code, Section 921(a)(20).

### <u>INSTRUCTION NO. 5</u>

The term "firearm" means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. . . ."

**Authority:** Title 18, United States Code, Section 921(a)(3)(A).

## INSTRUCTION NO. 6

The term "possess" means to exercise authority, dominion, or control over something. The law recognizes two kinds of "possession": actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it. A person, who although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. Constructive possession may be shown through either direct or circumstantial evidence establishing dominion and control.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share actual or constructive possession of a thing, then possession is joint. Thus, dominion and control need not be exclusive, but may be shared with others.

Accordingly, you may find that the element of "possession" as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

**Authority:** 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Sections 16.05, 39.23 (5th Ed.). United States v. Jenkins, 90 F.3d 814, 818-19 (3d Cir. 1996); United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993); United States v. Martorano, 709 F.2d 863, 866 (3d Cir. 1983).

## INSTRUCTION NO. 7

<u>"On or About" Dates</u>

The Indictment charges that the offenses occurred "on or about" a certain date.  The government does not have to prove that the offenses occurred on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the offenses on a date reasonably near the date charged.

<u>Authority</u>:  "Federal Jury Practice and Instructions," Section 13.05; <u>United States v. King</u>, 703 F.2d 119, 123-24 (5th Cir. 1983); <u>United States v. Ward</u>, 676 F.2d 94, (4th Cir. 1982); <u>United States v. Francisco</u>, 575 F.2d 815, 818 (10th Cir. 1978); <u>United States v. Somers</u>, 496 F.2d 723, 745 (3d Cir.), <u>cert. denied</u>, 419 U.S. 832 (1974); <u>United States v. Brody</u>, 486 F.2d 291, 292 (8th Cir. 1973), <u>cert. denied</u>, 417 U.S. 949 (1974).

## INSTRUCTION NO. 8

The phrase "in or affecting interstate commerce" includes commerce between any place in a State and any place outside of that State.

The government may meet its burden of proof on the question of being "in or affecting interstate commerce" by proving to you, beyond a reasonable doubt, that the firearm identified in the indictment had traveled in interstate commerce.

**Authority:** Title 18, United States Code, Section 921(a)(2). United States v. Singletary, 268 F.3d 196, 200 (3rd Cir. 2001), United States v. Gatewood, 84 F.3d 670 (3rd Cir. 1996).

### INSTRUCTION NO. 9

In order to prove that the firearm charged in the Indictment was in or affected interstate commerce, the government introduced the testimony of an expert witness.

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

10

As I have told you several times, you -- the jury -- are the sole judges of the facts of this case.


**Authority:**  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 14.01 (5th Ed.).

## INSTRUCTION NO. 10

The term "knowingly" means that the defendant was conscious and aware of his action, realized what he was doing, and did not act because of ignorance, mistake or accident.

The requirement that the government must show that the defendant "knowingly possessed a firearm" means that the government must prove the defendant's awareness that he possessed the firearm; the government need not prove that the defendant possessed the firearm with an intent to cause harm, or with knowledge that such possession was unlawful.

**Authority:**  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Section 17.04 (5th Ed.); United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

## INSTRUCTION NO. 11

Direct Evidence - Circumstantial Evidence

There are two types of evidence which are generally presented during a trial - direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty. On the other hand, if you are convinced of the defendant's guilt beyond a reasonable doubt, your duty is to find him guilty.


Authority: "Federal Jury Practice and Instructions," Section 12.04 (Modification).

13

**INSTRUCTION NO. 12**

Evidence Received in the Case -- Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses -- regardless of who may have called them -- all exhibits received in evidence -- regardless of who may have produced them -- all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

Authority: "Federal Jury Practice and Instructions," Section 12.03.

## INSTRUCTION NO. 13

Reasonable Doubt

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant, because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  Reasonable doubt is what the term implies.  The doubt must be reasonable.  It is not a merely possible or imaginary doubt, because as you well know, everything relating to human affairs, and depending on oral testimony, is open to some possible or imaginary doubt.  The government is not required to produce evidence that will exclude every possibility of a defendant's innocence.  It is only required to prove his guilt beyond a reasonable doubt, not beyond all possible doubt.

While bearing in mind that it is rarely possible to prove anything to an absolute certainty, you must remember as well that a defendant must never be convicted on mere assumption, conjecture or speculation.  Instead, the test is one of reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act.  Unless the government proves, beyond a

16

reasonable doubt, that a defendant has committed each and every essential element of an offense charged in the Indictment, you must find the defendant not guilty of that offense.

But if, after considering all of the evidence and giving the accused the benefit of a reasonable doubt, both as to the evidence presented or the lack of evidence, you are led to the conclusion that a defendant is guilty, you must find him guilty.


Authority: United States v. Isaac, 134 F.3d 199, 202-04 (3d Cir. 1998); "Federal Jury Practice and Instructions," Section 12.10.

17

## INSTRUCTION NO. 14

Credibility of Witnesses -- Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of each witness, you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of those matters.  Consider also any relation a witness may have to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that

18

decision, I suggest that you further ask yourself a few questions: Did the witness impress you as honest? Did the witness have a particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily. If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your

function and duty to determine which, if any, of the contradictory statements you will believe.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to the testimony that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

The testimony of a single witness -- even if not supported by any other evidence -- is sufficient to support a conviction. Again, the weight and the sufficiency of the evidence is a matter for you, the jury, to decide.

Authority: "Federal Jury Practice and Instructions," Section 15.01 (modified); United States v. Isaac, 134 F.3d 199, 204-05 (3d Cir. 1998); United States v. Rockwell, 781 F.2d 985 (3d Cir. 1986); United States v. Danzey, 594 F.2d 905, 916 (2d Cir.), cert. denied, 99 S.Ct. 2179 (1979). See United States v. Smith, 563 F.2d 1316 (9th Cir. 1977), cert. denied, 434 U.S. 1201 (1978); United States v. Levi, 405 F.2d 380, 382 (4th Cir. 1968).

**INSTRUCTION NO. 15**

Duty to Follow Instructions -- Sympathy and Prejudice

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.  It is not your privilege to be either vengeful or merciful -- you must be objective, and your verdict must be based solely on the facts as you find them from the evidence, and on the law given to you by the Court.

The punishment provided by law for the offenses charged in the Indictment is a matter for the Court to determine, and must not be discussed or even considered by the jury in any way in

arriving at its verdict as to the guilt or non-guilt of the defendant.

<u>Authority</u>: Pattern Jury Instructions, Fifth Circuit, Criminal Cases (1997 Ed.), Section 1.04; Pattern Jury Instructions, First Circuit, Criminal Cases (1998 Ed.), Section 3.01; Federal Jury Practice and Instructions, Sections 12.01, 20.01.

The government hereby requests leave to file supplemental proposed points for charge to the extent that new issues come to light during trial.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

s/Christine A. Sanner
CHRISTINE A. SANNER
Assistant U.S. Attorney
PA ID No. 85039