IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>LEON F. AKERLY II )  | Criminal No. 05-25 Erie |

**GOVERNMENT'S MOTION IN LIMINE**

AND NOW comes the United States of America by Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christine A. Sanner, Assistant United States Attorney for said district, and states as follows:

The defendant is charged with violating 18 U.S.C. §922(g)(1) as a convicted felon in the possession of firearm(s).

This Court should preclude the defendant from introducing evidence about other persons who previously purchased the firearms listed in the Indictment, before they came into the defendant's possession. Testimony or evidence regarding prior purchasers of the firearms is not relevant at trial. F.R.E. 401 (relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Under Rule 402, "[e]vidence which is not relevant is not admissible." F.R.E. 402.

Moreover, Rule 403 states that even evidence that may be relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  F.R.E. 403.

Evidence concerning other individuals who previously purchased the firearms that the defendant possessed is not only irrelevant but would also serve to confuse the issues and mislead the jury.  As this Court is aware, the issue for the jury is the defendant's possession of the firearm(s), which is distinct from ownership, and the defendant's possession of the firearm(s) may be actual or constructive, sole or joint.  See, e.g., United States v. Martorano, 709 F.2d 863, 866 (3d Cir. 1983); see also, e.g., United States v. Murphy, 107 F.3d 1199, 1208 (6th Cir. 1997) (both actual and constructive possession establish violation of §922(g)(1)); United States v. Martin, 706 F.2d 263, 266 (8th Cir. 1983) (joint possession). Accordingly, this Court should preclude the defendant from presenting any evidence regarding the other individuals who previously purchased the firearms, well before they were found in the defendant's possession.

This Court should also preclude the defendant from appealing to the jurors' sympathy and/or prejudice.  Evidence in this case will show that the defendant, a convicted felon for drug violations, was discovered in possession of the firearms listed in the Indictment on February 28, 2005.  On that date, the defendant's home was invaded by several individuals.  An altercation between the defendant and these individuals ensued, and, after the

individuals fled from the defendant's home on foot, the defendant discharged a Winchester Model 1300 shotgun in their direction.

Pennsylvania State Police were called to the scene. Upon their arrival at the defendant's home, the officers observed, *inter alia*, the shotgun and spent ammunition. Because the defendant refused to provide consent, the Pennsylvania State Police obtained a search warrant to process his home as a crime scene. During the search, a total of four firearms were recovered, one of which was reported as stolen.

The evidence will also show that, during the course of his altercation with the individuals who invaded his home, the defendant suffered injuries. This Court should preclude the defendant from appealing to the jurors' sympathy and/or prejudice regarding the injuries that he suffered. Such evidence is neither relevant nor admissible, F.R.E. 401 and 402, and would only serve to confuse the issues and mislead the jury, F.R.E. 403. Furthermore, this Court should preclude the defendant from suggesting that, under circumstances such as those presented by the instant case, the jurors should disregard the law and nullify the statute that he is charged with violating. See, e.g., Crease v. McKune, 189 F.3d 1188, 1194 (10th Cir. 1999).

This Court should also preclude the defendant from raising a defense of justification or necessity. The law is well settled regarding the elements that a defendant must meet to establish such a defense. See United States v. Paolello, 951 F.2d

537, 540-41 (3d Cir. 1991).  To establish this defense, the defendant must show that: (1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative to both the criminal act and the avoidance of the threatened harm; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.  See id. (citations omitted).  It is clear that, as a matter of law, the defendant cannot meet any of these elements in the instant case. See id. (discussing elements).

Specifically, in possessing firearms in violation of §922(g)(1), and in firing one of the weapons at individuals who were fleeing from his home, the defendant, a convicted felon with drug violations, was not under imminent and impending threat of death or serious bodily injury.  By possessing firearms in his home, the defendant engaged in criminal conduct: this was not a situation wherein the defendant was "forced to engage in criminal conduct."  See id.  He was not legitimately acting under duress or necessity, and there were, obviously, legal alternatives to his possession of firearms and taking of the law into his own hands. See id.  Accordingly, as a matter of law, the defendant cannot meet the elements that he must establish to present a defense of justification or necessity.  This Court should preclude him from raising such a defense.

Finally, this Court should preclude the defendant from referencing the penalty that he will face if he is convicted. The punishment provided by law for the offenses charged in the Indictment is a matter for the Court, and must not be discussed, or even considered by, the jury in any way in arriving at its verdict as to the guilt or non-guilt of the defendant.

WHEREFORE, for all of the foregoing reasons, the government respectfully requests that this Court grant this motion in limine.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

s/Christine A. Sanner
Christine A. Sanner
Assistant U.S. Attorney
PA ID No. 85039