IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-25 Erie |
| | ) | |
| LEON F. AKERLY II | ) | |

**<u>GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE</u>**

AND NOW comes the United States of America by Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christine A. Sanner, Assistant United States Attorney for said district, and states as follows:

The defendant is charged with violating 18 U.S.C. §922(g)(1) as a convicted felon in the possession of firearm(s). This Court should preclude the defendant from introducing evidence regarding: 1) his ignorance of the law; 2) his purported "reliance" on a Consent Order entered in a civil action in the Court of Common Pleas in Erie County, Pennsylvania; and, 3) any defense of "entrapment by estoppel."  As a matter of law, the defendant cannot meet his burden to raise any of these "defenses," and allowing him to raise such issues would only serve to confuse, and mislead, the jury.

    **A.**    **Ignorance of the Law and "Reliance"
             on Consent Agreement.**

In June 1994, a consent agreement, signed by the defendant, was entered in a civil action, docketed at 1659 MISC 1993, in the Court of Common Pleas of Erie County, Pennsylvania,

attached hereto as Ex. 1. Pursuant to the terms of the agreement, one of the four firearms listed in the instant federal Indictment, specifically the Winchester model 1300 12-gauge shotgun, was returned to the defendant, following his state conviction for various drug violations. *See* Ex. 1, ¶4. This Court should preclude the defendant from arguing that he relied on this consent agreement and unwittingly violated federal law by possessing the Winchester shotgun, along with three other firearms.

Federal law prohibits convicted felons, like the defendant, from possessing firearms. *Caron v. United States*, 524 U.S. 308, 309 (1998) (citing 18 U.S.C. §922(g)(1)). As this Court is aware, such has been the state of the law since at least the year that the defendant was born: section 922(g) originated from two statutes enacted by Congress in 1968, the Omnibus Crime Control and Safe Streets Act, and the Gun Control Act, which established two separate prohibitions on felons possessing firearms, 18 U.S.C. App. § 1202(a)(1) and 18 U.S.C. § 922(h) (1968).

But, before 1995, a convicted felon like the defendant might not have violated Pennsylvania state law by possessing a weapon such as the longer barreled Winchester model 1300 12-gauge shotgun that was returned to him pursuant to the consent agreement. This is because, before 1995, Pennsylvania did not prohibit the possession of longer barreled firearms, such as hunting rifles or shotguns, although it did prohibit the possession of other

firearms, such as shorter pistols or concealable weapons. *See Commonwealth v. Todd*, 384 A.2d 1215 (Pa. 1978) (citing 18 Pa. C.S.A. § 6102 and finding that barrel length is an essential element of state statute proscribing the possession of firearms).

In 1995, Pennsylvania law changed. *See Commonwealth v. Gillespie*, 821 A.2d 1221, 1224 (Pa. 2003). Since 1995, Pennsylvania law has been in conformity with federal law, prohibiting convicted felons, like the defendant, from possessing firearms regardless of their barrel length. In *Gillespie*, the Pennsylvania Supreme Court, noting that the purpose of prohibiting convicted felons from possessing firearms was to protect the public, affirmed the conviction of a defendant who possessed a 12-gauge shot gun with a 24 inch barrel. *Id*. at 1225.

In the instant case, one of the four firearms that the defendant possessed was a longer barreled 12-gauge shot gun. In June 1994, before the 1995 change in Pennsylvania law, this shotgun was returned to the defendant, pursuant to a civil consent agreement, following his state conviction for various drug violations.

This Court should preclude the defendant from arguing that he relied on the civil consent agreement, or pre-1995 Pennsylvania law, to support any mistaken belief that he could possess not only the shotgun, but also three additional firearms.

The government notes that, following the 1995 change in Pennsylvania law, the defendant was in violation of not only federal law but also state law by continuing to possess the 12-gauge shotgun, which he failed to sell or transfer. 18 Pa. C.S.A. § 6105(a)(2).

Moreover, although the consent order returned the longer barreled shotgun to the defendant, it also precluded the return of, *inter alia*, a Glock 10 mm firearm, to him. The defendant forfeited this pistol to the Commonwealth. Ex. 1, ¶4.

The defendant should not be heard to assert his ignorance of federal or state law, or his misinterpretation of the consent agreement, as a defense to the instant charges. This is particularly true where the defendant knew that although his shotgun was returned to him in 1994 pursuant to the civil consent agreement, that same agreement forfeited his Glock 10 mm pistol to the Commonwealth.

### B. **Entrapment by Estoppel**:

This Court should also preclude the defendant from arguing that he was, in any way, "entrapped" by the consent agreement to possess firearms in violation of federal law. As noted above, pursuant to the consent agreement, the defendant forfeited a Glock 10 mm firearm, but his Winchester model 1300 12-gauge shotgun was returned to him following his state conviction

for drug violations.

As a matter of law, the defendant cannot meet his burden to establish the defense of "entrapment by estoppel" based on the actions of the court, or his counsel, in entering into the consent agreement.

To prove the defense of entrapment by estoppel, a defendant must show that: 1) a government agent announced that the charged conduct was legal; 2) the defendant relied on the agent's announcement; 3) the defendant's reliance was reasonable; and 4) given the defendant's reliance, prosecution would be unfair. *See United Sates v. Morgan*, 216 F.3d 557, 567 (6th Cir. 2000).

In the typical assertion of the entrapment by estoppel defense, the defendant claims the advice was given by an ATF agent or other federal employee. *See, e.g.*, *Morgan*, 216 F.3d at 566. For example, in *United States v. Thompson*, 25 F.3d 1558 (11th Cir. 1994), the defendant, an occasional source for investigators, claimed that assurances by law enforcement officers that he was permitted to possess firearms despite his status as a convicted felon led him to violate § 922(g)(1). Although acknowledging that a defendant's motive or intent is generally irrelevant in strict liability crimes such as felon in possession, *id.* at 1563, the Eleventh Circuit held that, since entrapment by estoppel "focuses on the conduct of the government officials, not on the state of

mind of the defendant, . . . [it] is a viable defense in § 922 cases." *Id.* at 1564.

However, not just anyone may properly be designated as a "government agent" for purposes of raising an entrapment defense. *See United States v. Billue*, 994 F.2d 1562, 1569 (11th Cir. 1993) (holding that a "federal license to sell firearms does not transform private licensees into government officials, thereby creating a potential entrapment by estoppel defense"); *United States v. Austin*, 915 F.2d 363, 366-67 (8th Cir. 1990).

In *United States v. Bruscantini*, 761 F.2d 640, 641 (11th Cir. 1985), the defendant claimed that both the state judge, who accepted his plea of nolo contendere, and the state prosecutor told him that he was not a convicted felon. He raised an estoppel defense to a subsequent federal prosecution for unlawful possession of a firearm. The court held that the defendant was not insulated from the federal prosecution, because the government officials who advised him were not part of the government that was later prosecuting him. *Id.* at 642. *See also United States v. Powell*, 513 F.2d 1249, 1250-51 (8th Cir. 1975) (advice of counsel is no defense to a prosecution under § 1202(a)(1)).

In the instant case, there is no evidence that Judge Domitrovich, who signed the civil consent agreement, acted as a "government agent." *See Bruscantini*, 761 F.2d at 642. And,

6

clearly, the defendant's counsel in the civil action did not act as a government agent. *See Powell*, 513 F.2d at 1250-51.  Moreover, there is no evidence that Judge Domitrovich ever announced or affirmatively advised the defendant that he could possess firearms, in violation of federal law, for hunting or otherwise.  The defendant could not have reasonably understood Judge Domitrovich's signature on the civil consent order in the Erie County Court of Common Pleas as suggesting anything about the application of federal firearms laws.  *See United States v. Hardridge*, 379 F.3d 1188, 1195 (10th Cir. 2004) (Defense of entrapment by estoppel requires an active misleading by a government agent, and the government agent must be one who is responsible for interpreting, administering, or enforcing the law defining the offense.)  To the contrary, Judge Domitrovich merely signed off on the parties' agreement -- which also required the defendant to surrender his 10 mm Glock to the Commonwealth.

Finally, the defendant cannot show that he reasonably relied on the consent agreement to possess not only a shotgun but also three additional firearms, including two pistols.  And, he cannot show that the instant federal prosecution is unfair.  It may be true that, before 1995, Pennsylvania permitted ex-convicts like the defendant to possess some longer barreled firearms, such as the shotgun that the Commonwealth returned to the defendant.  However, federal law reflects Congress's belief that existing state laws

7

failed to keep guns away from offenders, like the defendant, who might cause harm, and Congress's interest in a single, national protective policy broader than that required by state law. *Caron*, 524 U.S. at 315-16.

Since 1995, Pennsylvania law has been in conformity with federal law and the defendant has been consistently in violation of federal law. Possessing the firearms listed in the Indictment, the defendant was in violation of both state, and federal, law. Any purported reliance on a 1994 civil consent agreement to possess, in 2005, not only a shotgun listed in the agreement, but also three additional firearms including two pistols, one of which has been reported as stolen, is absurd.

Federal law has consistently prohibited the defendant from possessing any one of the firearms listed in the indictment, including the firearm that was returned to him under the terms of the Pennsylvania civil consent agreement. And, it is federal policy that governs. *Caron,* 524 U.S. at 316. Finally, the state limitation forbidding the defendant from possessing one or more types of firearms "activate[d] the uniform federal ban on possessing any firearms at all. This is so even if the guns the offender possessed were ones the State permitted him to have." *Id.* at 315.

In sum, by possessing four firearms, the defendant was in violation of both federal and state law. Ignorance of the law is

no defense, and, as discussed above, the defendant cannot meet his burden to raise an equitable estoppel defense. Allowing the defendant to raise such arguments would only confuse -- and mislead -- the jury. Accordingly, as a matter of law, this Court should preclude the defendant from asserting his ignorance of the law, his reliance on the consent agreement, or equitable estoppel, as defenses to the federal Indictment.

      WHEREFORE, for all of the foregoing reasons, the government respectfully requests that this Court grant this supplemental motion in limine.

                           Respectfully submitted,

                           MARY BETH BUCHANAN
                           United States Attorney

                  By:  s/Christine A. Sanner
                       Christine A. Sanner
                       Assistant U.S. Attorney
                       PA ID No. 85039