| COMMONWEALTH OF PENNSYLVANIA | |
|---|---|
| COUNTY OF: | ERIE |

# POLICE CRIMINAL COMPLAINT

Magisterial District Number: 06-3-03
MDJ Name: Hon. Susan Strohmeyer
Address: 9333 Tate Road
Erie, PA 16509

**COMMONWEALTH OF PENNSYLVANIA**
**VS.**
**DEFENDANT:**

Thomas Eugene Giusti
566 Latempia Drive
Erie, PA 16505

Telephone: 814-451-6511

| Docket No: | CR-81-06 |
|---|---|
| Date Filed: | 4/3/06 |
| OTN: | K 247460-3 |

814-460-2240

| Defendant's Race/Ethnicity | | | Defendant's Sex | Defendant's DOB | Defendant's Social Security Number | Defendant's SID (State Identification Number) |
|---|---|---|---|---|---|---|
| ☒ White | Asian | Black | Female | 04-21-69 | 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 | 186-54-87-3 |
| Hispanic | Native American | Unknown | ☒ Male | | | |

| Defendant's A.K.A (also known as) | Defendant's Vehicle Information | | | Defendant's Driver's License Number | |
|---|---|---|---|---|---|
| | Plate Number: FJS-3964 | State: PA | Registration Sticker (MM/YY): 09/06 | State: PA | 22405777 |

| Complaint/Incident Number | LiveScan Tracking Number | Complaint/Incident Number if other Participants | UCR/NIBRS Code |
|---|---|---|---|
| E01-1189812 | | | 011 |

Office of the Attorney for the Commonwealth   Approved   Disapproved because: _____
(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. Pa R Crim P 507)

(Name of Attorney for Commonwealth)   (Signature of Attorney for Commonwealth)   (Date)

I, **TPR. JAY MCKEE**
   (Name of Affiant)

05751/00087849
(Officer Badge Number(s))

of the Pennsylvania State Police, Troop E, Erie
   (Agency Represented)

PAPSP2500           E01-1189812
(Police Agency ORI Number)   (Originating Agency Case Number (OCA))

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above

   ☐ I accuse the defendant whose name is unknown to me but who is described as

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at
   **9063 Wattsburg Road, Greene Twp.**
   (Place-Political Subdivision)

in **ERIE** County on or about **04-17-06 to 04-21-06**

Participants were: (if there were participants, place their names here, repeating the name of the above defendant)
   Thomas Eugene GIUSTI

   ☒ Lab user fee applies
AOPC-412SPA(05)

EXHIBIT 22



# POLICE CRIMINAL COMPLAINT

| Defendant's Name: | Thomas Eugene Giusti |
|---|---|
| Docket Number: | |

2. **The acts committed by the accused were:**
   (Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

1. CRIMINAL HOMICIDE/MURDER – 18 PA. C.S.A 2501/2502 The defendant did, on or about 4/18/06 intentionally, knowingly, recklessly or negligently caused the death of another human being, to wit: The defendant did inflict head and chest injuries to the victim, Stacy Maria WATRAL that caused her death.

2. AGGRAVATED ASSAULT – 18 PA C.S.A 2702(a)(1): The defendant did, on or about 4/18/06, attempt to cause serious bodily injury to another, or cause such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life, To Wit: The defendant inflicted serious bodily injuries to the victim's head and chest, which ultimately caused the death of the victim, Stacy Maria WATRAL.

3. RECKLESSLY ENDANGERING ANOTHER PERSON – 18 PA. C.S.A 2705 - In that the defendant did knowingly and recklessly engage in conduct which placed or may have placed another person, to wit; Stacy Maria WATRAL, in danger of death or serious bodily injury.

4. ABUSE OF CORPSE – 18 PA. C.S.A. 5510 - In that the defendant did unlawfully and intentionally treat, a corpse in a way that he knew would outrage ordinary family sensibilities, To WIT: The body of victim, Stacy Maria WATRAL, in that the defendant disposed of the victim's body, partially clothed, down a steep embankment, exposed to the elements and wildlife. In addition, Erie County Coroner Lyle COOK indicated some of the injuries sustained by the victim were post mortem.

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| | Section (SubSection) | of the | PA Statute | counts | grade |
|---|---|---|---|---|---|
| 1. | 2501/2502 | of the | Title 18, PA Crimes Code | 1 | F1 |
| 2. | 2702(a)(1) | of the | Title 18, PA Crimes Code | 1 | F1 |
| 3. | 2705 | of the | Title 18, PA Crimes Code | 1 | M2 |
| 4. | 5510 | of the | Title 18, PA Crimes Code | | M2 |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.)

4. I verify that the facts set forth in the complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S.§4904) relating to unsworn falsification to authorities.

April 23, 2006
(Date)

(Signature of Affiant)

AND NOW, on this date, _4/23/06 2006_ I certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

(Magisterial District)
(Issuing Authority)                                                        SEAL

AOPC-412SPB(05)



# POLICE CRIMINAL COMPLAINT

| Defendant's Name: | Thomas Eugene Giusti |
|---|---|
| Docket Number: | |

2. **The acts committed by the accused were:**
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

5. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE – 18 PA. C.S.A 4910(a)(1) – In that the defendant, believing that an official proceeding or investigation is pending or about to be instituted did alter, destroy, conceal or remove any separate thing with intent to impair its verity or availability in such a proceeding or investigation. To WIT: concealed the body of victim, Stacy Maria WATRAL; concealed or removed the murder weapon: a large knife or similar instrument; concealed the victim's shoes and; believe to have concealed the victim's cell phone.

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| | Section (SubSection) | (PA Statute) | (counts) | (grade) |
|---|---|---|---|---|
| 5. | 4910(a)(1) of the | Title 18, PA Crimes Code | 1 | M2 |
| | (Section) (SubSection) | (PA Statute) | (counts) | (grade) |
| | (Section) (SubSection) | (PA Statute) | (counts) | (grade) |
| | | | (counts) | (grade) |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.)

4. I verify that the facts set forth in the complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S.§4904) relating to unsworn falsification to authorities.

April 23, 2006 ,
(Date)                                    (Signature of Affiant)

AND NOW, on this date, _4/25_, _2006_ I certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

06-3-08
(Magisterial District)                     (Issuing Authority)                                              SEAL

AOPC-412SPB(05)

| Defendant's Name: | Thomas Eugene Giusti |
|---|---|
| Docket Number: | |

# POLICE CRIMINAL COMPLAINT

## AFFIDAVIT of PROBABLE CAUSE

PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

(Insert narrative here)

On 04/21/06 at approx. 1905 hours a, Kevin NOONAN, contacted the Troop E/Erie State Police Barracks and advised that he had found the body of a deceased woman located behind the AIM National Lease Company located at 9063 Wattsburg Road within Greene Twp. Erie County. Defendant is employed by Erie Petroleum Company, which leases equipment from AIM National Lease Company, which the defendant operates during the course of his employment. The defendant is familiar with the area where the victim's body was located.

Your Affiant and numerous other State Troopers were dispatched to secure the scene and began an investigation. Upon arrival it was learned that the victim, unknown at that time, had been pronounced deceased at the scene. The scene where the victim's body was found was a wooded area behind, (east of) the aforementioned local trucking business.

My initial observations showed that an unknown and unidentified white female was found lying under the trees and was in a semi clad in that she had nothing on from the waist down except for her panties which were found on her left foot. Also, found at the scene in close proximity to the victim's body was what appeared to be the victim's blue jean pants and one white sock sticking out of the bottom of one of the pant legs. The victim's blue jeans were covered in what appeared to be blood and feces. Also discovered at the scene was a used tampon, a tampon applicator and an empty tampon package.

On 4/22/06, Doctor Eric VEY conducted an autopsy of the victim and it was learned that the victim was stabbed multiple times and suffered from numerous cuts, bruises and abrasions, some of which were post mortem wounds. Dr. VEY listed the victim's cause of death as multiple sharp force trauma, and manner of death homicide.

On 4/22/06 the victim's mother Sarah ENTLEY, arrived at the Troop E/Erie barracks to report that her daughter, Stacy M. WATRAL, had not been heard from and or seen by any family members and or friends to the best of her knowledge since sometime on Monday, 04/17/06.

CONTINUED

I, TPR. JAY MCKEE/05751, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Sworn to me and subscribed before me this 23 day of April 2006

_____ Magisterial District Judge

My commission expires first Monday of January, 2008.    **SEAL**

AOPC-412SPC(05)

| Defendant's Name: | Thomas Eugene Giusti | | POLICE |
|---|---|---|---|
| Docket Number: | | | CRIMINAL COMPLAINT |

## AFFIDAVIT of PROBABLE CAUSE

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

(Insert narrative here)

04/22/06 1635 hours: Trooper Mark VAN HORN spoke with Jessica GRYGIER, who is a waitress at the Boardwalk Tavern on SR8, which is within .83 miles of the aforementioned crime scene, as determined by the use of Mapquest.com.

GRYGIER reported that prior to Trooper VAN HORN'S arrival she had felt that something bad had already happened to the victim. She advised that on Monday 04/17/06 she was working at the Boardwalk her second shift, 1700-2100. GRYGIER reported that she left the Boardwalk at approx. 2200 hours and went to the St. Boniface Club to speak with a friend and that she saw the victim at the club at this time. GRYGIER advised that she then went home for a short time and put her daughter to bed. She then returned to the Boardwalk bar and saw the victim there sitting at the bar.

GRYGIER advised that the victim, who was known to her as a regular, was alone at that time and that the bar was not busy at that time. She reported that she stayed at the bar until the bar doors were locked and everyone left the bar at the same time. GRYGIER walked out with the victim, a guy named Tom LNU, Bill LNU and 2 other younger guys. She advised that the two younger guys left and that she, Bill and Tom stood there and talked while Bill and Tom smoked some marijuana. She reported that she got into her car and left, she saw Bill get into his car and leave, and the victim and Tom walked to the front of the bar and got into his car (Blazer type vehicle) and left. GRYGIER has positively identified Tom LNU as the defendant Thomas Eugene GIUSTI. In addition, GRYGIER has identified a 1998 Chevy Blazer bearing Pa Registration JS-3964 registered to the defendant Thomas Eugene GIUSTI as the vehicle she saw the victim entering during the early morning hours of 4-18-06 in the parking lot of the Boardwalk Tavern.

GRYGIER reported that the defendant used to be a regular in the bar, but for unknown reasons he stopped coming in. She reported that when the defendant returned to the bar on Monday (04/17/06) she questioned him as to where he had been and he told her that he had had some problems but he would be getting back on his regular schedule. GRYGIER added that the defendant has not been back to the bar since the early morning hours of 4-18-06.

GRYGIER stated that Stacy too is a regular in the bar, and that she had not been seen in the bar since the early morning hours of 4-18-06, when she left with the defendant.

The victim did own a cell phone number, 814-323-0311, which is still active and as of this date/time is missing.

CONTINUED

I, TPR. JAY MCKEE/05751, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

(Signature of Affiant)

Sworn to me and subscribed before me this __23__ day of __April__, __2006__

_____ Magisterial District Judge

My commission expires first Monday of January, __2008__.

AOPC-412SPC(05)

**SEAL**

| Defendant's Name: | Thomas Eugene Giusti |
|---|---|
| Docket Number: | |

# POLICE CRIMINAL COMPLAINT

## AFFIDAVIT of PROBABLE CAUSE

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

While assisting in the investigation surrounding the death of Stacy WATRAL, on Saturday 04/22/06 at approx 2057hrs Tpr's. Mark F. RUSSO and Jeffrey CHURCH of the PSP-Erie Criminal Investigation unit arrived at a trailer style residence located at 566 Latempia Dr Erie, PA. 16505, located within Millcreek Twp Erie County PA. Arrival at the residence was in an effort to make contact with and interview Thomas E. GIUSTI DOB: 04/21/69 regarding his contact with WATRAL in the days prior to the discovery of her body.

Upon arrival at the residence of the defendant, Tpr's RUSSO and CHURCH observed a 1998 Chevrolet Blazer bearing Pennsylvania registration FJS3964. Upon walking onto the porch of the residence Tpr's RUSSO and CHURCH were contacted by a female subject who identified herself as Kimberly Dawn GULISH, DOB: 05/16/70. After introductions GULISH invited the troopers into the residence, at which time they made contact with a subject who identified himself as Thomas GIUSTI. Upon making contact with GIUSTI Tpr's. RUSSO and CHURCH requested he travel to the Pennsylvania State Police – Erie barracks in order to speak about the events surrounding the discovery of a body located in a wooded area behind GIUSTI's place of employment, namely AIM National Lease Company. GIUSTI agreed to the request. During this topic of conversation GIUSTI stated that he anticipated being contacted by law enforcement due to the fact he works near the location the body was discovered. GIUSTI was asked if he knew whose body was found at this location, which he stated he did not. GIUSTI was informed by the troopers that the subject was a person believed to be known by GIUSTI. GIUSTI made absolutely no comment and asked no questions relative to the identity of the individual.

Following this conversation GIUSTI was spoken to about information the subject was also possibly in his Chevrolet Blazer prior to her death, and as a result, an analysis of his vehicle was being requested. GIUSTI again made absolutely no comment and asked no questions about the identity of this subject and the circumstances under which she would have been in his vehicle. GIUSTI readily agreed to have his vehicle towed to the Pennsylvania State Police Erie barracks for analysis.

While waiting outside of the residence for the assigned wrecker service GIUSTI periodically walked unsupervised into and out of the residence. Upon emerging from the residence on one occasion, GIUSTI asked Tpr's RUSSO and CHURCH if he had shot anyone, or words to that affect.

While waiting for the wrecker service it was decided that GIUSTI would travel to the Pennsylvania State Police – Erie barracks as a passenger in GULISH's vehicle, with GULISH operating the vehicle. While in route to the barracks and located at the intersection of East Lake Road and Franklin Ave in the City of Erie GIUSTI fled on foot from GULISH's vehicle, and was last seen by GULISH as he was fleeing south.

On 04/22/06 at approx. 2300hrs GULISH was subsequently interviewed at the Pennsylvania State Police Erie barracks by Tpr's RUSSO and CHURCH. During her interview GULISH spoke about her past and current relationship with GIUSTI, GULISH also spoke about information she became aware of regarding GIUSTI's actions in the days prior to and following the discovery of WATRAL's body.

CONTINUED

---

I, **TPR. JAY MCKEE/05751**, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Sworn to me and subscribed before me this ___03___ day of ___April___, 2006.

_____ Magisterial District Judge

My commission expires first Monday of January, ___2008___.

**SEAL**

AOPC-412SPC(05)

| Defendant's Name: | Thomas Eugene Giusti |
|---|---|
| Docket Number: | |



# POLICE CRIMINAL COMPLAINT

## AFFIDAVIT of PROBABLE CAUSE

PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:

During part of GULISH's interview she informed Tpr's RUSSO and CHURCH that on Monday 04/17/06 GIUSTI was working a pm shift, and was scheduled to end his work day at 11:00pm. GULISH stated at approx 11:18PM that date she received a text message on her cellular telephone from GIUSTI's cellular telephone that read – half hour ok. GULISH stated upon receiving this text she sent numerous text messages to GIUSTI's cellular telephone, but did not receive a response back from his phone until Tuesday 04/18/06 at approx 0618hrs, approximately four hours after he was last seen with the victim and that text message read – I beat some dude up.

GULISH stated at approx 0630hrs on 4/18/06 GIUSTI arrived at the residence they share, and upon his entry, she noted that he had blood on both of his hands. GULISH stated, she also noted that at this time GIUSTI was wearing his work clothes, which consisted of a pair of dirty, ankle high, work boots; a pair of navy blue work trousers; an unknown type T-shirt; and unknown type sweatshirt. GULISH stated upon GIUSTI speaking briefly about the fight he claimed to be in he undressed, and placed the aforementioned clothing on the floor by the credenza in the dining room.

GULISH further stated, on Saturday 04/22/06 at approx 4:01pm she received a telephone call on her cellular telephone from a subject known to her as "little Jen" who is employed at the Boardwalk Tavern. During this telephone call "Little Jen" asked to speak with GIUSTI. GULISH stated she was able to hear GIUSTI's part of the conversation, during which he stated words to the affect of – I took her home, I dropped her off at her house. GULISH stated upon GIUSTI ending the conversation she questioned GIUSTI about who he gave a ride home to and through conversation learned the identity of the subject was the deceased, who approximately 2 months earlier GIUSTI had identified to her while at the Boardwalk Tavern. GIUSTI stated at approx 4:13pm on 04/22/06 she called "little Jen" in order to obtain additional information about the female subject GIUSTI drove home and at that time was reportedly informed by "little Jen" that the subjects name was Stacy.

GULISH further stated, subsequent to Tpr's. RUSSO's and CHURCH's arrival at their residence, while speaking privately with GIUSTI in the driveway area GIUSTI informed her that he had fucked a girl, or words to that affect. During the following conversation GULISH stated that GIUSTI admitted to her that he was not in a fight on the night he claimed (Monday 04/17/06) and that was the night that he had sexual intercourse with the girl he told her that he gave a ride home to. GULISH stated GIUSTI said, on that date shortly before closing he gave Stacy a ride home from the Boardwalk Tavern. GULISH stated GIUSTI told him that before dropping Stacy off at her residence the two of them had sexual intercourse on the passenger seat of his Chevrolet Blazer. GULISH stated that GIUSTI also told her that Stacy was having her period at the time they had sex and that he was wearing a condom while engaged in the sexual act. Dr Eric VEY, at the time the autopsy was conducted on the victim, stated that the victim was indeed in her menstrual cycle. GULISH stated that she believes GIUSTI did identify Stacy by name while talking about his sexual contact with her, and she stated it was her understanding by the conversation that he was speaking specifically about Stacy.

In light of the above statement made by GULISH it is evident that Thomas GIUSTI is the last known subject to see Stacy WATRAL alive.

I, **TPR. JAY MCKEE/05751**, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

(Signature of affiant)

Sworn to me and subscribed before me this __23__ day of __April__, __2006__

_____ Magisterial District Judge

My commission expires first Monday of January, __2008__

AOPC-412SPC(05)

**SEAL**